**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry L. MORTIER, Defendant–**
**Appellant.**

No. 03–2647.

United States Court of Appeals,
Seventh Circuit.

Argued June 16, 2004.

Decided Aug. 31, 2004.

David Reinhard, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee. Richard H. Parsons, Johanna M. Christiansen, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before COFFEY, RIPPLE, and WILLIAMS, Circuit Judges.

## ORDER

Terry Mortier challenges the denial of his motion to suppress over 500 grams of methamphetamine found in his house after officers executed a "no-knock" search warrant. Mr. Mortier recognizes that *United States v. Langford*, 314 F.3d 892 (7th Cir. 2002), forecloses relief, but asks this court to reconsider *Langford's* holding that the inevitable-discovery exception bars exclusion of evidence seized in violation of the Fourth Amendment's knock-and-announce rule. For the reasons set forth in the following order, we affirm the judgment of the district court.

## I

## BACKGROUND

In December 2002, Michael Richter, an investigator for the Sheriff's Department in Washburn County, Wisconsin, applied for a no-knock search warrant allowing officers to enter Mr. Mortier's house without knocking or announcing their presence and purpose. Washburn County Circuit Judge Eugene D. Harrington reviewed the proposed search warrant and Richter's supporting affidavit, and authorized the no-knock search warrant. The affidavit contains the following information: on three occasions during the two months preceding the application, Mr. Mortier sold a total of approximately 50 grams of methamphetamine to a confidential informant from his home; the informant saw "a quantity of methamphetamine located in a Tupperware container"; "information received during the investigation revealed that there are currently weapons located in the Mortier residence"; and "information received during the investigation has indicated that on occasion subjects under the influence of methamphetamine, crack cocaine, and other controlled substances have been present on the property." *See* Appellant's App. at 4. In his affidavit Richter states that, in his experience, "both methamphetamine and crack cocaine are stimulant drugs which induce violent, irrational behavior and thought processes which when combined with ready access to weapons, pose an imminent significant threat to the health and safety of officers executing this warrant." *Id.* Upon executing the warrant, officers found methamphetamine in Mr. Mortier's home.

The investigation was then referred to federal authorities. Mr. Mortier was indicted for distribution and possession of methamphetamine, and moved to suppress the drugs. Mr. Mortier argued that there was not probable cause to support issuance of the search warrant, that the search had exceeded the scope of the warrant, and that the state court lacked basis for authorizing a no-knock entry. After an evidentiary hearing, a magistrate judge issued a report and recommendation finding that probable cause existed, that an error in the warrant did not limit the scope of the search to a vehicle and thus exclude Mr. Mortier's house from the warrant's coverage, and that the no-knock authorization was justified. The district court adopted the magistrate judge's report and recommendation and denied Mr. Mortier's motion to suppress. Mr. Mortier then entered into a conditional guilty plea to one count of possessing with intent to distribute at least 500 grams of methamphetamine, *see* 21 U.S.C. § 841(a)(1), reserving in his plea agreement the right to chal-

lenge the denial of his motion to suppress. The district court sentenced Mr. Mortier to 135 months' imprisonment.

## II

## DISCUSSION

On appeal, Mr. Mortier challenges the denial of his motion to suppress, arguing that the no-knock authorization in the search warrant violated his Fourth Amendment rights. As Mr. Mortier concedes, even if the no-knock authorization was not justified, suppression of the methamphetamine and other evidence found during the search is not an appropriate remedy. In *Langford*, we held that because the police had a valid search warrant, they would have discovered the evidence even if they had complied with the knock-and-announce rule. *Langford*, 314 F.3d at 895. We reasoned that barring an exclusionary remedy will not undermine the deterrent effect of the knock-and-announce rule because a defendant may seek recourse through a civil rights action under 42 U.S.C. § 1983 or a tort action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Id.*

Mr. Mortier, relying on decisions from three circuits that have rejected the application of the inevitable-discovery exception to knock-and-announce violations, asks us to reconsider our holding in *Langford*. In *Langford*, however, we specifically assessed the competing view of the very courts cited by Mr. Mortier and rejected the rationales underlying their position. *See id.* at 894–95. No other circuits have weighed in on the issue in the twenty months since *Langford* was decided, and in that period we already have declined to

reconsider the case. *See United States v. Sutton*, 336 F.3d 550, 552–54 (7th Cir. 2003). The Supreme Court had an opportunity to address whether suppression is an appropriate remedy for violations of the knock-and-announce rule in *United States v. Banks*, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003), but did not reach this question, thus leaving *Langford* secure.

## Conclusion

For the foregoing reasons, we uphold the district court's denial of Mr. Mortier's motion to suppress and, accordingly, affirm the judgment of conviction.

AFFIRMED